## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

**LARRY BALL,**

     *Plaintiff,*

     v.

**COLLECTION BUREAU OF FORT WALTON BEACH, INC.** *and* **EQUIFAX INFORMATION SERVICES, LLC**

     *Defendants.*

Case Number:

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, LARRY BALL ("**Mr. Ball**"), by and through his attorneys, Seraph Legal, P.A., and complains of the Defendants, COLLECTION BUREAU OF FORT WALTON BEACH, INC. ("**CBFWB**") and Equifax Information Services, LLC ("**Equifax**"), (jointly, the "**Defendants**") stating as follows:

## PRELIMINARY STATEMENT

1.     This is an action brought by Mr. Ball against CBFWB for violations of the Florida Consumer Collection Practices Act, § 559.55, Fla. Stat., *et seq.* ("**FCCPA**") and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("**FDCPA**"), and against both Defendants for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("**FCRA**.")

## JURISDICTION AND VENUE

2.      Subject matter jurisdiction arises under the FCRA, 15 U.S.C. § 1681p, the FDCPA, 15 USC 1692k(d), and 28 U.S.C. § 1331.

3.      This Court has supplemental jurisdiction for Mr. Ball's state law claims pursuant to 28 U.S.C. § 1367.

4.      Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. § 1391(b)(2) because the acts complained of were committed and / or caused by the Defendants within Miami-Dade County, Florida, which is in this District.

## PARTIES

### Mr. Larry Ball

5.      Mr. Ball is a natural person, and at all times relevant, resided in the City of Miami, Miami-Dade County, Florida.

6.      Mr. Ball is a *consumer* as defined by the FCRA, 15 U.S.C. § 1681a(c), the FDCPA, 15 U.S.C. § 1692a(3), and the FCCPA, § 559.55(8), Fla. Stat.

### CBFWB

7.      **CBFWB** is a Florida profit corporation with a principal business address of 711 Eglin Parkway NE, Fort Walton Beach, FL 32547.

8.      CBFWB's Florida registered agent is **Tommy Cooley, Jr., 166 Hombre Circle, Panama City Beach, FL 32407.**

9.      CBFWB is a *Debt Collector* within the meaning of the FDCPA, 15 U.S.C. § 1692a(6) and the FCCPA, § 559.55(7), Fla. Stat., in that it uses instrumentalities of commerce, including postal mail, telephone, the internet, and/or email, interstate and within the State of Florida, for its business, the principal purpose of which is the collection of debts, and/or it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed to another.

10.     CBFWB is licensed as *Consumer Collection Agency* ("**CCA**") by the Florida Office of Financial Regulations, holding license number CCA9904751.

11.     As a licensed CCA in the State of Florida, CBFWB knows or should know its obligations under the FCCPA and the FDCPA.

## Equifax

12.     **Equifax** is a Georgia limited liability company with a principal business address of 1550 Peachtree Street NE, Atlanta, GA 30309.

13.     Equifax is registered to conduct business as a foreign limited liability company in the State of Florida, where its registered agent is **Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301.**

14.     Equifax is a nationwide *Consumer Reporting Agency* ("**CRA**") within the meaning of the FCRA, 15 U.S.C. § 1681a(f), in that it, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and uses various means of interstate commerce for the purpose of preparing or furnishing consumer reports, specifically including mail and telephone communications.

## FACTUAL ALLEGATIONS

### The Debt

15.     On or around August 5, 2020, Mr. Ball started leasing a unit owned and operated by St. John Plaza Project, LLC ("**St. John Plaza**") located in Miami, FL. **SEE PLAINTIFF'S EXHIBIT A.**

16.     As part of the move in process, Mr. Ball was required to sign a leasing agreement. *Id.*

17.     At some point in or around June 2023, St. John Plaza alleged that Mr. Ball was past due on his monthly rent and sent Mr. Ball a three-day eviction notice. **SEE PLAINTIFF'S EXHIBIT B.**

18.     The three-day eviction notice alleged that Mr. Ball owed a total of $2,412.75 for past due rent. *Id.*

19.     In July of 2023, St. John Plaza filed an eviction request with the Miami-Dade County court to enforce Mr. Ball to vacate the unit.

20.     Mr. Ball moved out of the unit on or around August 8, 2023.

21.     On August 9, 2023, St. John Plaza filed a dismissal in the Miami-Dade County Court, asking to dismiss the eviction request as Mr. Ball had moved out of the unit. **SEE PLAINTIFF'S EXHIBIT C.**

22.     After Mr. Ball vacated the unit, St. John Plaza claimed that Mr. Ball owed a total of $3,947.75 in rent. **SEE PLAINTIFF'S EXHIBIT D.**

23.     St. John Plaza also included a $200.00 late fee and $150.00 for damages. *Id.*

24.     The above-mentioned charges total $4,297.75.

25.     After applying Mr. Ball's $1,138 deposit towards the charges mentioned above, the alleged balance should be $3,159.75.

26.     However, St. John Plaza added "Attorney or Legal Charges – Eviction Stage 1" in the amount of $446. *Id.*

27.     By August 30, 2023, St. John Plaza alleged that Mr. Ball owed $3,605.75 (the "**Debt**.") *Id.*

28.     The balance of the Debt was used for personal and household purchases, specifically for leasing a home for personal use, and therefore meets the definition of Debt under the FDCPA, 15 U.S.C. § 1692a(5) and the FCCPA, § 559.55(6), Fla. Stat.

29.     As mentioned previously, Mr. Ball was required to sign a lease prior to moving into the unit.

30.     Part of the lease, on page two, states in part, "THE PARTY IN WHOSE FAVOR A JUDGEMENT IS RENDERED WILL BE AWARDED COSTS AND ATTORNEY FEES PAYABLE BY THE LOSING PARTY." **SEE PLAINTIFF'S EXHIBIT A.**

31.     When St. John Plaza voluntarily dismissed the eviction request, it was no longer considered the prevailing party.

32.     The Florida Supreme Court held that, "when a plaintiff voluntarily dismisses an action, the defendant is the prevailing party." *Thornber v. City of Fort Walton Beach, 568 So. 2d 914 (Fla. 1990)*

33.     Therefore, St. John Plaza was not the prevailing party and not able to recover its attorneys' fees and costs.

## CBFWB Attempts to Collect the Debt from Plaintiff

34.     Sometime in or around October 2023, St. John Plaza sold or otherwise assigned the Debt to CBFWB for collection.

35.     Shortly thereafter, CBFWB started reporting the Debt to the major CRAs, including Equifax.

36.     In December 2023, Mr. Ball mailed a dispute letter to CBFWB and indicated in the letter that balance of the Debt was incorrect as it included attorneys' fees not legally owed to the original creditor and that he disputed the Debt. **SEE PLAINTIFF'S EXHIBIT E.**

37.     Therefore, CBFWB knew the Debt was disputed as of December 2023.

38.     In February 2024, Mr. Ball requested and received his consumer disclosure from Equifax, and on the same day he disputed the CBFWB tradeline.

39.     In the comments section of his dispute to Equifax, he indicated that the Debt included attorneys' fees that were not awarded by any judgement as St. John Plaza voluntarily dismissed the eviction request.

40.     Because Equifax allows you to attach documents in support of your dispute, Mr. Ball uploaded a copy of the voluntary dismissal and the lease agreement.

41.     Equifax, upon receipt of the dispute, electronically delivered it to contractors overseas, who within a matter of a few minutes or less skimmed the dispute and sent CBFWB an *Automated Consumer Dispute Verification* Request ("ACDV") through a system known as e-OSCAR, requesting that CBFWB make a reasonable investigation into the dispute.

42.     Upon receipt of the ACDV request, CBFWB knew that Mr. Ball disputed the Debt a second time, as Mr. Ball sent it a dispute letter in December 2023.

43.     The ACDV was sent via e-OSCAR, an online system used by CRAs to communicate with furnishers of data, such as debt collectors and debt buyers.

44.     When responding to an ACDV through e-OSCAR, the person sending the response must electronically sign to confirm as follows:

> [b]y submitting this ACDV, you certify that you have verified the accuracy of the data in compliance with all legal requirements, and your computer and/or manual records will be adjusted to reflect the changes noted.

45.     CBFW returned the ACDV to Equifax, verifying it had completed its investigation and that all of its information was accurate. **SEE PLAINTIFF'S EXHIBIT F.**

46.     In March 2024, CBFWB sent a letter to Mr. Ball, attempting to collect the Debt. **SEE PLAINTIFF'S EXHIBIT E.**

47.     The letter, dated March 4, 2024, CFWB did not indicate that Mr. Ball disputed the Debt, as required by the FDCPA and FCCPA.

48.     The letter indicated that Mr. Ball allegedly owed $3,605.75 to St. John Plaza. *Id.*

49.     CBFWB was required to disclose the fact that the Debt was disputed in all communications about the Debt, including its collection letters to Mr. Ball.

50.     Because the letter made no mention of the disputes he made in December 2023 and February 2024, Mr. Ball assumed that the disputes may not have been received by CBFWB.

51.     In March 2024, Mr. Ball disputed the Debt again to Equifax, which indicated the same reason he disputed it in February 2024 and attached the same copy of voluntary dismissal and lease agreement.

52.     Equifax again sent CBFWB an ACDV asking it to make a reasonable investigation of the dispute.

53.     CBFWB, for a second time returned the ACDV verifying that the Debt was valid and required no modification. **SEE PLAINTIFF'S EXHIBIT H.**

54.     In April 2024, Mr. Ball disputed the Debt to Equifax for a third time, and included the same comment and attachment that he included in the prior two disputes of the Debt.

55.     CBFWB responded to the ACDV it received from Equifax in April 2024, concerning the Debt and once again indicated that its reporting of the Debt was verified. **SEE PLAINTIFF'S EXHIBIT I.**

56.     Mr. Ball disputed the Debt to Equifax several more times in July 2024 and August 2024, which resulted in the same results from CBFWB; that the Debt was verified and required no modification, other than including that the Debt was disputed by the consumer. **SEE PLAINTIFF'S EXHIBIT J & K.**

57.     Reporting a debt to a CRA is an attempt to collect the debt alleged in the report.

58.     Reporting a debt to a CRA is an attempt to collect the debt alleged therein. *See, e.g., Edeh v. Midland Credit Management, Inc.*, 748 F. Supp. 2d 1030 (D. Minn. 2010) ("The Court has learned, through its work on countless (consumer credit) cases, that threatening to report and reporting debts to CRAs is one of the most commonly-used arrows in the debt collector's quiver.")

59.     CBFWB's reports to the CRAs and letters to Mr. Ball were "communications" as defined by 15 U.S.C. § 1692a(2).

60.     CBFWB responded to at least four ACDVs and in each instance indicated its tradeline should continue to report without any change.

61.     CBFWB failed to make any meaningful investigation concerning Mr. Ball's dispute, and simply verified the account balance reporting to Equifax matched what its own internal systems showed.

62.     CBFWB takes the position that its landlord clients are correct, even when confronted with substantial proof of inaccuracy by the consumer.

63.     On information and belief, CBFWB had a copy of the move-out ledger that it received from St. John Plaza as well as a copy of the lease agreement, which was significant proof that the amount of the Debt was invalid.

64.     Despite detailed and significant evidence $3,605.75 was not owed, CBFWB simply rubber-stamped its reporting as accurate without any investigation into if its client's position could be supported beyond its "word" that it was owed.

## Equifax's Investigations Were Unreasonable

65.     Equifax made no independent investigation into any of Mr. Ball's disputes and relied exclusively on CBFWB's ACDV responses to comprise its "investigations."

66.     The FCRA requires that each CRA conduct its own investigation of a consumer dispute. 15 U.S.C. § 1681i.

67.     Thus, upon receipt of Mr. Ball's disputes of the CBFWB tradeline, Equifax was legally required to investigate each of the disputes.

68.     However, Equifax relied solely upon the ACDVs furnished to CBFWB and the responses thereto.

69.     For at least the last 35 years, courts in this district have recognized that a CRA must make some independent reinvestigation of its own. *See Swoager v. Credit Bureau of Greater St. Petersburg*, 608 F. Supp. 972 (M.D.Fla.1985).

70.     Equifax's dispute resolution system is heavily structured to believe data furnishers over consumers when the two parties provide conflicting information.

71.     Equifax generates revenue by charging data furnishers to report accounts, whereas Equifax generally makes little, if any, money from most consumers directly.

72.     As a result, consumers like Mr. Ball are left in a scenario where the only way to have their credit report corrected rests on their ability to disprove a negative.

73.     Equifax failed to conduct a reasonable investigation into Mr. Ball's disputes, as any reasonable investigation would have concluded that Mr. Ball did not have a debt of $3,605.75, and this information could not be objectively verified.

74.     Further, Equifax did almost nothing but pass a dispute on, without so much as even reading the dispute in full.

75.     At the minimum, Mr. Ball's copy of the voluntary dismissal and lease agreement, showing why the Debt was not owed created substantial doubt as to if CBFWB's information could be objectively verified as accurate, yet Equifax made no evaluation of its own, and requested nothing from CBFWB other than an electronically-checked box confirming the data was "verified as accurate."

76.     Mr. Ball has spent considerable time as direct result of CBFWB's inaccurate, false tradeline haunting his report, including the inability to apply for new rental housing due to CBFWB's tradeline appearing on his credit reports.

77.     Mr. Ball and has spent considerable time disputing the inaccuracies to Equifax and investigating alternative ways to deal with the issue since disputes pursuant to the FCRA have failed.

78.     Mr. Ball has also suffered emotional distress from this frustrating and protracted series of events.

79.     Mr. Ball has hired the aforementioned law firm to represent him in this matter and has assigned his right to fees and costs to such firm.

**COUNT I**
**CBFWB'S WILLFUL VIOLATIONS OF THE FCRA**
**15 U.S.C. § 1681s-2(b)**

80.     Mr. Ball hereby incorporates paragraphs 1 – 79 as if fully stated herein.

81.     CBFWB violated **15 U.S.C. § 1681s-2(b)** when it failed, on at least four separate occasions, to conduct a reasonable investigation after receiving notices of dispute of the Debt from Equifax, as any reasonable investigation would have concluded that the Debt could not be verified as accurate, as it contained charges for attorneys' fees and costs that were forfeited when St. John Plaza filed a voluntary dismissal of the eviction request and the State of Florida considers the defendant in the matter as the prevailing party.

82.     CBFWB's conduct was a result of its regular policies and procedures, which frequently result in the verification of reported information as accurate, when it is not.

83.     CBFWB's conduct was thus willful and intentional, or, alternately, was done with a reckless disregard for its duties under the FCRA to make

reasonable investigations, and its policies could reasonably be foreseen to cause harm to Mr. Ball.

84.     Accordingly, pursuant to 15 U.S.C. § 1681n, CBFWB is liable to Mr. Ball for the greater of his actual damages and statutory damages of up to $1,000 for *each occurrence*, as well as punitive damages, reasonable attorney's fees, and costs.

**WHEREFORE,** Mr. Ball respectfully requests this Honorable Court to enter judgment against CBFWB for:

a.      The greater of statutory damages of $1,000 per incident or Mr. Ball's actual damages, pursuant to 15 U.S.C. § 1681n(a)(1)(A);

b.      Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

c.      Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681n(a)(3); and,

d.      Such other relief that this Court deems just and proper.

**COUNT II**
**CBFWB'S NEGLIGENT VIOLATIONS OF THE**
**FCRA, 15 U.S.C. § 1681s-2(b)**
**(Pled In the Alternative to Count I)**

85.     Mr. Ball hereby incorporates paragraphs 1 – 79 as if fully stated herein and is strictly pled in the alternative to Count I.

86.     CBFWB violated 15 U.S.C. § 1681s-2(b) when it failed, on at least four separate occasions, to conduct a reasonable investigation after receiving notice of dispute of the Debt from Equifax, as any reasonable investigation would have concluded that the Debt could not be verified as accurate, as it contained charges for attorneys' fees and costs that were forfeited when St. John Plaza filed a voluntary dismissal of the eviction request and the State of Florida considers the defendant in the matter as the prevailing party.

87.     CBFWB's conduct was a result of its regular policies and procedures, which frequently result in the verification of reported information as accurate, when it is not.

88.     CBFWB owed Mr. Ball a legal duty to reasonably investigate his disputes.

89.     CBFWB breached this duty when it verified its reported information as accurate when it was not.

90.     CBFWB's conduct was therefore negligent, and pursuant to 15 U.S.C. § 1681o, CBFWB is liable to Mr. Ball for his actual damages, as well as his reasonable attorney's fees, and costs.

**WHEREFORE,** Mr. Ball respectfully requests this Honorable Court to enter judgment against CBFWB for:

a.    Mr. Ball's actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

b.    Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681o(a)(2); and,

c.    Such other relief that this Court deems just and proper.

a.    Such other relief that this Court deems just and proper.

**COUNT III**
**EQUIFAX'S WILLFUL VIOLATIONS OF THE**
**FCRA, 15 U.S.C. § 1681i(a)(1)(A)**

91.    Mr. Ball hereby incorporates paragraphs 1 – 79 as if fully stated herein.

92.    Equifax violated 15 U.S.C. § 1681i(a)(1)(A) when it failed to conduct a reasonable investigation into disputes of the CBFWB tradeline by Mr. Ball, since any reasonable investigation would have concluded that the CBFWB tradeline could not be objectively verified as accurate, considering Mr. Ball uploaded sufficient documents to support his disputes, when the only "evidence" of accuracy Equifax possessed was a single box clicked on an ACDV form marked "verified as accurate" and nothing else.

93.    Equifax's conduct was a result of its regular policies and procedures, which frequently result in the verification of reported information as accurate, when it is not.

94.     Equifax's conduct was thus willful and intentional, or, alternately, was done with a reckless disregard for its duties under the FCRA to make reasonable investigations, and its policies could reasonably be foreseen to cause harm to Mr. Ball.

95.     Accordingly, pursuant to 15 U.S.C. § 1681n, Equifax is liable to Mr. Ball for the greater of his actual damages and statutory damages of up to $1,000 for each occurrence, as well as punitive damages, reasonable attorney's fees, and costs.

**WHEREFORE,** Mr. Ball respectfully requests this Honorable Court to enter judgment against Equifax for:

a.     The greater of statutory damages of $1,000 per incident (for a total of at least $4,000, based on information pled at the time of filing) or Mr. Ball's actual damages, pursuant to 15 U.S.C. § 1681n(a)(1)(A);

b.     Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

c.     Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. §1681n(a)(3); and,

d.     Such other relief that this Court deems just and proper.

## COUNT IV
## EQUIFAX'S NEGLIGENT VIOLATIONS OF THE
## FCRA, 15 U.S.C. § 1681i(a)(1)(A)
### (Plead In the Alternative to Count III)

96.     Mr. Ball hereby incorporates paragraphs 1 – 79 as if fully stated herein and strictly pled in the alternative to Count III.

97.     Equifax violated **15 U.S.C. § 1681i(a)(1)(A)** when it failed to conduct a reasonable investigation into disputes of the CBFWB tradeline by Mr. Ball, since any reasonable investigation would have concluded that the CBFWB tradeline could not be objectively verified as accurate, as Mr. Ball attached a significant amount of documents to support his disputes, when the only "evidence" of accuracy Equifax possessed was a single box clicked on an ACDV form marked "verified as accurate" and nothing else.

98.     Equifax's conduct was a result of its regular policies and procedures, which frequently result in the verification of reported information as accurate, when it is not.

99.     Equifax owed Mr. Ball a legal duty to reasonably investigate his disputes.

100.    Equifax breached this duty when it verified the CBFWB tradeline as accurate when it was not.

101.    Equifax's conduct was therefore negligent, and pursuant to 15 U.S.C. § 1681o, Equifax is liable to Mr. Ball for his actual damages, as well as his reasonable attorney's fees, and costs.

**WHEREFORE,** Mr. Ball respectfully requests this Honorable Court to enter judgment against Equifax for:

a.    Mr. Ball's actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

b.    Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. §1681o(a)(2); and,

c.    Such other relief that this Court deems just and proper.

## COUNT V
## CBFWB'S VIOLATIONS OF THE FCCPA, § 559.72(9), FLA. STAT.

102.    Mr. Ball adopts and incorporates paragraphs 1 – 79 as if fully stated herein.

103.    CBFWB violated **§ 559.72(9), Fla. Stat.,** when CBFWB asserted a debt was legitimate when it knew it was not, when it continued to attempt to collect the Debt from Mr. Ball, despite detailed and meritorious dispute of accuracy.

104.    CBFWB is liable for the above-stated violations of the FCCPA, and Mr. Ball is thereby entitled to actual damages, statutory damages not to exceed $1,000, plus costs and attorneys' fees.

**WHEREFORE,** Mr. Ball respectfully requests that this Honorable Court enter judgment against CBFWB for:

a.      Statutory damages of **$1,000** pursuant to § 559.77(2), Fla. Stat.;

b.      Actual damages, including damages for loss of credit opportunities, damage to credit scores, and emotional distress pursuant to § 559.77(2), Fla. Stat.;

c.      Injunctive relief prohibiting CBFWB from trying to collect the bogus debt from Mr. Ball;

d.      Reasonable costs and attorneys' fees pursuant to § 559.77(2), Fla. Stat.; and

e.      Such other relief that this Court deems just and proper.

## COUNT VI
## CBFWB'S VIOLATIONS OF THE FCCPA, § 559.72(6), FLA. STAT.

105.    Mr. Ball adopts and incorporates paragraphs 1 – 79 as if fully stated herein.

106.    CBFWB violated **§ 559.72(6), Fla. Stat.,** when CBFWB failed to disclose that Mr. Hall disputed the Debt, in its collection letters to Mr. Hall.

107.    CBFWB is liable for the above-stated violations of the FCCPA, and Mr. Ball is thereby entitled to actual damages, statutory damages not to exceed $1,000, plus costs and attorneys' fees.

**WHEREFORE,** Mr. Ball respectfully requests that this Honorable Court enter judgment against CBFWB for:

a.      Statutory damages of **$1,000** pursuant to § 559.77(2), Fla. Stat.;

b.      Actual damages, including damages for loss of credit opportunities, damage to credit scores, and emotional distress pursuant to § 559.77(2), Fla. Stat.;

c.      Injunctive relief prohibiting CBFWB from trying to collect the bogus debt from Mr. Ball;

d.      Reasonable costs and attorneys' fees pursuant to § 559.77(2), Fla. Stat.; and

e.      Such other relief that this Court deems just and proper.

## COUNT VII
### CBFWB'S VIOLATIONS OF THE FDCPA, 15 U.S.C. § 1692e

108.    Mr. Ball adopts and incorporates paragraphs 1 – 79 as if fully stated herein.

109.    CBFWB violated **15 U.S.C. § 1692e** when CBFWB used false, deceptive, and misleading representations in connection with the collection of a debt by reporting to Equifax that a $3,605.75 debt was owed when CBFWB knew, or should have known, the debt consisted of unwarranted attorneys' costs and fees, which Mr. Ball did not owe as he was not contractually liable for them.

Page **22** of **41**

**WHEREFORE,** Mr. Ball respectfully requests that this Honorable Court enter judgment against CBFWB for:

a.   Statutory damages of **$1,000**, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

b.   Actual damages, including damages for loss of credit opportunities, damage to credit scores, and emotional distress pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c.   Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3); and,

d.   Such other relief that this Court deems just and proper

### COUNT VIII
### CBFWB'S VIOLATIONS OF THE FDCPA, 15 U.S.C. § 1692e(10)

110.   Mr. Ball adopts and incorporates paragraphs 1 – 79 as if fully stated herein.

111.   CBFWB violated **15 U.S.C. § 1692e(10)** when CBFWB used false, deceptive, and misleading representations in connection with the collection of a debt by reporting to Equifax that a $3,605.75 debt was owed when CBFWB knew, or should have known, the debt consisted of unwarranted attorneys' costs and fees, which Mr. Ball did not owe as he was not contractually liable for them.

**WHEREFORE,** Mr. Ball respectfully requests that this Honorable Court enter judgment against CBFWB for:

a.    Statutory damages of **$1,000**, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

b.    Actual damages, including damages for loss of credit opportunities, damage to credit scores, and emotional distress pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c.    Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3); and,

d.    Such other relief that this Court deems just and proper

## COUNT IX
## <u>CBFWB'S VIOLATIONS OF THE FDCPA, 15 U.S.C. § 1692e(2)(a)</u>

112.    Mr. Ball adopts and incorporates paragraphs 1 – 79 as if fully stated herein.

113.    CBFWB violated **15 U.S.C. § 1692e(2)(a)** by using false representations about the character, amount, or legal status of a debt by reporting to Equifax, nationwide CRA that a $3,605.75 debt was owed when CBFWB knew, or should have known, that the debt consisted of unwarranted charges for attorneys' fees and costs that Mr. Ball did not owe as he was not contractually liable for them.

**WHEREFORE,** Mr. Ball respectfully requests that this Honorable Court enter judgment against CBFWB for:

a.    Statutory damages of **$1,000**, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

b.      Actual damages, including damages for loss of credit opportunities, damage to credit scores, and emotional distress pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c.      Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3); and,

d.      Such other relief that this Court deems just and proper

**COUNT X**
**CBFWB'S VIOLATIONS OF THE FDCPA, 15 U.S.C. § 1692e(8)**

114.    Mr. Ball adopts and incorporates paragraphs 1 – 79 as if fully stated herein.

115.    CBFWB violated **15 U.S.C. § 1692e(8)** by communicating credit information which they knew, or should have known, to be false when CBFWB reported information to Equifax that a $3,605.75 debt was owed when CBFWB knew, or should have known, the debt consisted of unwarranted charges, which Mr. Ball did not owe as he was not contractually liable for them.

116.    CBFWB violated **15 U.S.C. § 1692e(8)** when it failed to communicate the Mr. Hall disputed the Debt in its collection letter sent to Mr. Hall.

**WHEREFORE,** Mr. Ball respectfully requests that this Honorable Court enter judgment against CBFWB for:

a.      Statutory damages of **$1,000**, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

Page **25** of **41**

b.    Actual damages, including damages for loss of credit opportunities, damage to credit scores, and emotional distress pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c.    Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3); and,

d.    Such other relief that this Court deems just and proper

## COUNT XI
## CBFWB'S VIOLATIONS OF THE FDCPA, 15 U.S.C. § 1692f

117.    Mr. Ball adopts and incorporates paragraphs 1 – 79 as if fully stated herein.

118.    CBFWB violated **15 U.S.C. § 1692f** by using unfair methods to collect a debt, when CBFWB intentionally reported information to Equifax it knew was not accurate, knowing this would adversely affect Mr. Ball's credit reports and scores, in order to pressure him to pay a debt which was not owed and likely fabricated.

**WHEREFORE,** Mr. Ball respectfully requests that this Honorable Court enter judgment against CBFWB for:

a.    Statutory damages of **$1,000**, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

b.      Actual damages, including damages for loss of credit opportunities, damage to credit scores, and emotional distress pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c.      Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3); and,

d.      Such other relief that this Court deems just and proper

## <u>JURY TRIAL DEMANDED</u>

Mr. Ball hereby demands a trial by jury on all issues so triable.

Respectfully submitted on November 1, 2024, by:

**SERAPH LEGAL, P. A.**

*/s/ Christian E. Cok*
Christian E. Cok Esq.
Florida Bar No.: 1032167
Tel: 813-567-1230 (ext. 307)
CCok@SeraphLegal.com
*Lead Counsel for Plaintiff*

*/s/ Thomas M. Bonan*
Thomas M. Bonan, Esq.
Florida Bar No.: 118103
TBonan@SeraphLegal.Com
Tel: 813-567-1230
*Counsel for Plaintiff*
SERAPH LEGAL, P.A.,
2124 W. Kennedy Blvd., Ste. A
Tampa, Florida 33606
Tel: 813-567-1230
Fax: 855-500-0705

## ATTACHED EXHIBITS

A      Mr. Ball's Leasing Agreement with St. John Plaza – Excerpts
B      St John Plaza's Three-Day Eviction Notice to Mr. Ball, June 20, 2023
C      St. John Plaza's Voluntary Dismissal, August 17, 2023
D      St. John Plaza's Move-Out Ledger, August 30, 2023
E      Mr. Ball's Dispute Letter to CBFWB, December 2023
F      Equifax Dispute Results, February 26, 2024 – Excerpt
G      CBFWB's Collection Letter to Mr. Ball, March 4, 2024
H      Equifax Dispute Results, March 4, 2024 – Excerpt
I      Equifax Dispute Results, April 12, 2024 – Excerpt
J      Equifax Dispute Results, July 23, 2024 – Excerpt
K      Equifax Dispute Results, August 15, 2024 – Excerpt